## Integrity Mutual Casualty Company's Receiver v. T. W. Minton & Company.

(Decided March 13, 1931.)

BLACK, BLACK & OWENS for appellant.

J. J. TYE and T. D. TINSLEY for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER.—
Affirming.

The Integrity Mutual Casualty Company was engaged in the carrying of compensation insurance risks, and in 1925 entered into a contract with T. W. Minton & Co., who were operating construction work in Kentucky, by which, among other things, it assumed to pay to persons entitled to receive compensation all sums of money entitled to be paid to such persons and to hold the defendant free from all claims so asserted by any of its employees. By the terms of the contract the first premium period expired on December 31, 1925, and all succeeding periods were for a term of twelve calendar months and beginning at the end of each previous period. Clarence F. Buck was appointed receiver for the casualty company on May 20, 1926, and brought this action to recover $1,672.22, which he alleged was the balance due for the premium period ending December 31, 1926. The defendants answered, in substance, that the contract had been terminated by consent of parties on May 28, 1926, and that they had paid the full amount due up to that time. At the conclusion of the evidence on both sides the court peremptorily instructed the jury to find for the defendants. The plaintiff appeals.

The evidence shows without contradiction that on May 28, 1926, the following correspondence took place between the parties:

"Chicago, Ill., May 28, 1926. T. W. Minton & Co., Barbourville, Ky.

"Receivership applied for Advise you place all insurance now held in Integrity Mutual Casualty Company elsewhere immediately Ohio Millers not affected.
"Integrity Mutual Casualty Co.

"Telegram
"Rec'd 3:10 P. M.
"E. H. B."
"Integrity Mutual Casualty Co. Chicago, Illinois.

"Gentlemen: As per your telegram today as follows:

"Receivership applied for. Advise you place all insurance now held in Integrity Mutual Casualty Company elsewhere immediately. Ohio Millers not affected.

"We are placing all insurance carried with your company elsewhere effective this date. This includes policies 54656 and W-25291, as well as all insurance policies covering automobiles which you have for the company and R. B. Minton.

"Yours very truly,
"T. W. Minton & Co.
"N. E. Minton."

An insurance contract, like any other contract, may be canceled by consent of parties. The above telegram and answer thereto clearly constituted a cancellation of the insurance. The policy by its terms provided that either party might terminate it at any time upon written notice to the other. In terminating the contract appellees simply exercised a legal right expressly given them by the contract. Appellees were warranted in taking out other insurance, and, having acted upon the insurance company's own telegram, appellee should not be required to pay for double insurance. The receiver also wrote them to the same effect after his appointment.

At the time the insurance was canceled by mutual consent, as above stated, premiums had accrued amounting to $724.25, but there were outstanding claims, which the insurance company had not paid, amounting to $412. The appellees paid these claims out of the premiums then due and paid the receiver the balance, $312.25. This is complained of. But by the terms of the policy the insurance company had agreed to pay these claims and to protect the appellees from all loss. As it had not paid the claims and the appellees had the money in their hands, if the insurance company had sued them, they would have been entitled to offset the $412 against the amount of the premiums due; for when appellees paid the claims, amounting to $412, and had in their hands $724.25, neither the company nor its receiver, nor any one claiming under it, could, under an ordinary insurance contract, demand of them anything more than the balance in their hands. The other persons insuring in the company would be in no wise prejudiced if each

insured could be only required to pay what he owed in fact after deducting what the company owed him, and this would be the case in the absence of some provision in the contract depriving him of this right. By its terms appellee's policy required them to pay an annual premium of $75 and, in addition, a given per cent. of the sum of the amounts they paid their employees monthly. The policy contained, among other things, these provisions:

"This Company, by virtue of its Charter powers and the provisions of law applicable to its policy contracts, does hereby issue this policy as a non-assessable policy. The premium provided for in the Policy at the rate expressly stated shall be the only premium obligation of the policy holder to the Company."

"As an absolute guarantee to policy holders against any contingencies, the Company has voluntarily deposited with the State of Illinois $200,000.00 of United States Liberty Bonds which are held in trust for the equal benefit and protection of all policy holders. No greater assurance of security and good faith could possibly be given."

There was no provision in it making appellees liable in any way beyond the amount of the fixed premium so calculated; they were liable for nothing more and were not entitled to any part of the profits of the company. This is not insurance on the mutual assessment plan, where the insured is entitled to share in the profits of the company. The case therefore does not fall within the rule applied in cases of insurance on the mutual assessment plan. Standard Printing Co. v. Bothwell, 143 Md. 303, 122 A. 195, 31 A. L. R. 1269, and notes.

In view of the unsettled condition of things and the controversy between the parties as to the amount appellees should pay, and the statement sent them by the receiver about that time, the judgment will not be reversed because interest was not charged appellees on the $312, although the check was not sent until January 1, 1927. Seiler v. Northern Bank, 86 Ky. 128, 5 S. W. 536, 9 Ky. Law Rep. 497; Kelly v. Adams Express Co., 134 Ky. 208, 119 S. W. 747.

Judgment affirmed.